# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KATRESIA NEDD,

      Plaintiff,

v.                                                    Case No: 8:26-cv-1658-KKM-CPT

FCC ENVIRONMENTAL SERVICES,
FLORIDA, LLC,

      Defendant.

_____

## <u>ORDER</u>

Katresia Nedd alleges that her former employer, FCC Environmental Services Florida, LLC, discriminated against her based on sex in violation of the Florida Civil Rights Act (FCRA). *See* Compl. (Doc. 1-1) at 8–16. Nedd sued the defendants in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on April 20, 2026. *See id.* at 8. On May 5, 2026, Nedd served FCC Environmental. Notice of Removal (NOR) (Doc. 1) at 2. FCC Environmental removed the case to this Court on June 4, 2026, based on purported diversity jurisdiction. *See* NOR at 1–3. I directed FCC Environmental to "explain why, by a preponderance of the evidence, the amount in controversy is sufficient for diversity jurisdiction." (Doc. 7). FCC Environmental timely responds. Resp. (Doc. 10). After considering FCC

Environmental's paper, I remand the case for lack of subject matter jurisdiction.

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "Where the plaintiff has not plead a specific amount of damages," the removing party must show, "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *See id.*; *see also* 28 U.S.C. § 1446(c)(2)(B). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But conclusory allegations or speculation that the amount in controversy is satisfied are insufficient to meet the defendant's burden. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007).

To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff, along with the removal attachments. *See Pretka*, 608 F.3d at 755 (explaining that "Defendants may introduce their own affidavits, declarations, or other documentation" to

2

show that the amount in controversy exceeds $75,000). A court may draw reasonable deductions and inferences from these documents using "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

As an initial matter, Nedd does not plead a specific amount of damages. *See generally* Compl.

FCC Environmental raises in the Notice of Removal and in its response regarding the amount in controversy that Nedd might be entitled to back pay, front pay, and attorney's fees. *See* NOR at 8–11; Resp. at 5–8. In response to the order to show cause, FCC Environmental also appears to argue that Nedd could be entitled to compensatory damages as well. *See* Resp. at 4–5 (describing cases that purportedly resemble Nedd's as "highly compensable").

Nedd earned approximately $960 per week at FCC Environmental. NOR at 9. Although FCC Environmental first represented that, at the time of removal, Nedd's back pay damages "could potentially amount to $30,720.00," *id.*, it now clarifies that the amount should be $36,480.00, Resp. at 7. FCC Environmental calculates additional back pay amounts based on various future times when this action could be resolved. *See* NOR at 9; Resp. at 8. These figures are irrelevant because back pay is properly determined at the time of

3

removal.[1] *See Scott v. Walmart, Inc.*, 528 F. Supp. 3d 1267, 1275 (M.D. Fla. 2021) (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).

FCC Environmental adds that one year of front pay damages would amount to $49,920. NOR at 9–10; Resp. at 8. To consider front pay would be to speculate impermissibly. To begin, "the FCRA does not explicitly authorize a recovery of front pay. Neither front pay—which is the 'money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement,' *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001)—nor reinstatement or any comparable equitable relief is provided for in the statute's text." *Scott*, 528 F. Supp. 3d at 1276 (citing Fla. Stat. § 760.11(5)). Even if front pay was authorized under the statute, it should be calculated at the time of removal and calculating a hypothetical front pay award at that time requires "unabashed guesswork." *Lowery*, 483 F.3d at 1211. As I have concluded before, "including an estimated award of front pay in this case is improper where the statutory authorization for such an award is absent

---

[1] Where possible, the determination of back pay at the time of removal should also account for any mitigation through separate employment. *See Deel v. Metromedia Rest. Servs., Inc.*, No. 3:05CV120/MCR, 2006 WL 481667, at 3* (N.D. Fla. Feb. 27, 2006) (noting that, for amount in controversy purposes, mitigation of back pay should be accounted for); *Jiles v. United Parcel Serv., Inc.*, No. 3:07-CV-1115-J-25MCR, 2008 WL 11336707, at *3 (M.D. Fla. Jan. 10, 2008) ("Plaintiff suggests, and the Court recognizes, that the back pay amount may be reduced to account for mitigation."). Here, there are no facts indicating whether there is any mitigation to consider.

in the first instance and its inclusion would necessarily rely on speculative estimates that are not in controversy at the time of removal." *Scott*, 528 F. Supp. 3d at 1276.

FCC Environmental estimates that Nedd could incur up to $30,000 in attorney's fees in litigating this action through trial. *See* NOR at 10–11. FCC Environmental adds in response that, after further investigation into the rates charged by Nedd's attorneys in other cases, the original estimate may have been conservative. Resp. at 6. Regardless, I decline to consider the estimated amount of attorney's fees because, for amount in controversy purposes, attorney's fees should be calculated at the time of removal, *see Scott*, 528 F. Supp. 3d at 1278–79, and FCC Environmental provides no information that would allow the calculation of fees at the proper time.

In response, FCC Environmental also identifies two FCRA cases involving purportedly similar facts and jury verdicts that included compensatory damages of $40,000 and $80,000 for emotional distress or mental pain and suffering. *See* Resp. at 4; *Speedway SuperAmerica, LLC v. Dupont*, 933 So. 2d 75, 78 (Fla. 5th DCA 2006) (en banc); *Khatabi v. Car Auto Holdings LLC*, --- F.4th ---, No. 24-12573, 2026 WL 1487848, at \*2 (11th Cir. May 28, 2026). FCC Environmental also points to another jury verdict awarding $102,224.14 in compensatory damages for repeated acts of battery,

which included sexually inappropriate touching, by the plaintiff's supervisor. *See* Resp. at 5; *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1206–09, 1212–15 (11th Cir. 2010). "But the award of emotional distress damages in other cases, based on other factual records, does not support a finding of that amount of emotional distress damages in *this* case." *Upthagrove v. United Parcel Serv., Inc.*, No. 8:23-CV-0612-KKM-MRM, 2023 WL 3431823, at *2 (M.D. Fla. Apr. 17, 2023); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) ("[B]ut *mere citation* to what has happened in the past [referring to awards in other cases] does nothing to overcome the indeterminate and speculative nature of [the defendant's] assertion [of the amount in controversy] in this case." (emphasis added)); *Lowery*, 483 F.3d at 1221 ("[W]e question whether *such general evidence* [of awards in other cases] is ever of much use in establishing the value of claims in any one particular suit." (emphasis added)). Rather than identify specific similar facts, FCC Environmental briefly discusses the cases, contends that they have "similar facts," and avers that it would be reasonable to conclude that the amount in controversy is met. *See* Resp. at 4–5. FCC Environmental does not proffer a specific estimate of Nedd's potential compensatory damages. Thus, I interpret this as an argument that Nedd's factual allegations that support compensatory

6

damages are enough alone to pass the amount in controversy threshold. I disagree.

First, Nedd merely alleges "emotional distress, pain, suffering, and mental anguish, loss of dignity and self-esteem" in a conclusory manner. Compl. at 14–15. There are no facts that allow one to reasonably assess the amount of such damages. *Cf. Smith v. InfuCare Rx Health, LLC*, No. 8:26-CV-509-KKM-TGW, 2026 WL 979575, at *3 (M.D. Fla. Apr. 13, 2026) (finding that a low five-figure compensatory damages award was a reasonable estimate when the complaint alleged "severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord" and the defendant identified cases with similar facts and compensatory damages awards in that range).

Second, the allegations in the complaint fall short of the facts in the cases that FCC Environmental identifies. *Compare* Compl. at 10–11 (alleging that a now-terminated supervisor "walk[ed] past [Nedd] and pinch[ed] her lower back," and separately made a handful of sexual innuendos to Nedd), *with Dupont*, 933 So. 2d at 81–83 (harassment from a coworker included sneaking up behind the plaintiff and putting his hands on her, "raging and screaming" and throwing things in her direction when she ignored his inappropriate comments, rubbing and smacking her buttocks, and grabbing her wrists and

7

pulling her body against his), *and Khatabi*, 2026 WL 1487848, at *1 (harassment from supervisor and other colleagues included repeatedly massaging her shoulders, grabbing and kissing her, touching her backside, making inappropriate sexual comments, and speaking to the plaintiff in a degrading tone), *and Myers*, 592 F.3d at 1206–07 (supervisor's harassment included kissing the plaintiff at a work party, repeatedly propositioning the plaintiff at work events for sex, slapping her buttocks and fondling her legs in front of others at work, and forcing the plaintiff to share a bedroom with him while on a business trip). Given the factual differences, the jury verdicts in these other cases are not probative of the amount of the potential compensatory damages in this action. FCC Environmental provides no estimate of a potential compensatory damages award and does not identify any facts, testimony, or allegations that would allow me to estimate the amount of emotional distress damages in controversy without resorting to speculation.

Thus, the amount in controversy is properly determined to be approximately \$36,480 at the time of removal. Remand is warranted.

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2.    The Clerk is further directed to **TERMINATE** any pending deadlines and motions, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 17, 2026.

Kathryn Kimball Mizelle
United States District Judge

9